UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DANIEL HORACEK #218347,

    Plaintiff,

v.                                              Case No. 2:15-CV-102

THOMAS PRISK,                   HON. GORDON J. QUIST

    Defendant.
_____/

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

### Jurisdiction

Plaintiff, Daniel Horacek, a prisoner currently incarcerated with the Michigan Department of Corrections (MDOC), sued Defendant, Thomas Prisk—a Chaplain with the MDOC. Horacek makes six claims: 1) violation of his First Amendment right to freedom and exercise of religion, right to petition for redress of grievances, right of access to court; 2) violation of the Religious Land Use and Institutionalized Persons Act (RLUIPA); 3) violation of the First Amendment/Retaliation for exercising his right to free exercise, redress of grievances, and access to the courts; 4) violation of the Fourteenth Amendment Equal Protection Clause; 5) malice; 6) intentional infliction of emotional distress. His claims can be briefly summarized as follows: Horacek's 2012 request to participate in the MDOC's Kosher Meal Program was not approved and instituted in a timely fashion, and Prisk contributed to that delay.

Horacek brings his claims under 42 U.S.C. § 1983, and the Court has jurisdiction pursuant to 28 U.S.C. § 1331. Horacek's claims were tried to the Court on June 19, 2019. The Court heard testimony from Horacek and Prisk, and received exhibits.

**Findings of Fact**

Horacek is a practicing Orthodox Jew, who observes a kosher diet as a religious practice. During the Jewish holy days of Passover, Horacek practices the particular Passover diet and the Seder ritual. On October 31, 2012, Horacek re-offended and was returned to MDOC's Egeler Reception and Guidance Center. There, he requested to participate in the MDOC's Kosher Meal Program. Chaplain Bashir of the Egeler Center interviewed Horacek and submitted a request for Horacek to receive kosher meals. On November 29, 2012, Horacek was transferred to the Marquette Branch Prison (MBP), a prison that does not serve kosher meals.

On January 16, 2013, Chaplain Thomas Prisk received Horacek's grievance, alleging that Prisk failed to ensure that Horacek was receiving kosher meals at MBP. After receiving the grievance, Prisk reviewed his files and did not find any "kite" from Horacek. Prisk concluded and testified that he received no kite from Horacek.[1] Prisk reviewed Horacek's records and found that the kosher diet request was still pending. Prisk contacted the MDOC Special Activities Coordinator in Lansing, Michael Martin, who told Prisk that there was a backlog of such requests pending at the MDOC. In light of the facts before him, Prisk requested that Horacek's request be bumped up and approved sooner rather than later.

---

[1] Horacek disputes this. In any event, whether Prisk received any kite is not dispositive.

On February 13, 2013, Horacek's kosher meal request was approved.[2] On February 14, 2014, an MDOC email went out, stating, "Please refrain from routine transfers of prisoners with approved Kosher meals until completion of Passover April 2nd." On February 15, 2013, Prisk received a copy of the MDOC email regarding the transfer delay. That same day, Prisk sent a memo to Horacek informing him that he was approved for kosher meals.

Prisk had no authority to transfer prisoners and was not involved in the transfer process. Neither is or was Prisk involved in the decision-making process regarding religious diet applications—he conducts preliminary interviews in the process but passes the interview information to others in the MDOC. Prisk did what he could in light of his limited authority and reached out to the transfer coordinator and requested that Horacek's transfer be expedited following Horacek's approval for kosher meals. The MDOC, in accordance with its email regarding transfers around Passover, transferred Horacek to a facility with kosher meals on April 3, 2013—after Passover had concluded.

## Conclusions of Law

*Count 1) Violation of First Amendment Rights*

"[I]nmates retain First Amendment rights, including the right to free exercise of religion. A prisoner alleging that the actions of prison officials violate his religious beliefs must show that the belief or practice asserted is religious in the person's own scheme of things and is sincerely held." *Flagner v. Wilkinson*, 241 F.3d 475, 481 (6th Cir. 2001) (citations and internal quotation marks omitted).

---

[2] Prisk's Exhibit A, a memo dated February 13, 2013, and addressed to Prisk stated that Horacek was approved for a kosher meal. However, this does not help Horacek claims because when Prisk officially knew of the approval is not dispositive for the reasons discussed herein.

The sincerity of Horacek's religious beliefs is not in dispute. Horacek asserts that Prisk violated a number of Horacek's First Amendment rights by failing to ensure that Horacek was transferred in a "reasonable" amount of time following his approval for a kosher diet. However, per MDOC policy directives, Prisk had no authority to approve a kosher diet or initiate a transfer of a prisoner. After Prisk received Horacek's grievance—the first undisputed form of communication between Horacek and Prisk—Prisk took the initiative, researched the status of Horacek's kosher meal request, and contacted MDOC offices in Lansing regarding the matter, ultimately requesting that Horacek be approved sooner rather than later. Horacek was approved sooner. Prisk's acts led to the earlier approval.

In short, Prisk did not violate Horacek's First Amendment rights. Instead, Prisk attempted to cure potential violations of Horacek's rights—Prisk's actions likely resulted in a swifter remedy for Horacek than he would have had otherwise.

*Count 2) Violation of RLUIPA*

The RLUIPA protects "any exercise of religion, whether or not compelled by, or central to, a system of religious belief," 42 U.S.C. § 2000 *et seq.*, and any request for an accommodation must be "sincerely based on a religious belief and not some other motivation." *Holt v. Hobbs*, 135 S. Ct. 854, 862 (2015).

As discussed under Count 1, Horacek has not shown that Prisk prevented Horacek from exercising his religion by consuming a kosher diet, a Passover diet, or performing a Passover Seder. Accordingly, his second claim fails.

*Count 3) First Amendment Retaliation*

First Amendment retaliation claims have three elements: 1) the plaintiff engaged in protected conduct; 2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and 3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct. *Kennedy v. City of Villa Hills*, 635 F.3d 210, 217–18 (6th Cir. 2011) (footnote omitted) (quoting *Thaddeus–X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc)).

Horacek fails to establish the second and third elements. There is no evidence that Prisk committed an adverse action against Horacek—in fact, Prisk attempted to expedite the MDOC processes in favor of Horacek on two occasions. There is no evidence that Prisk's actions contributed to the delay in Horacek receiving kosher meals. Accordingly, Horacek's third claim fails.

*Count 4) Violation of the Equal Protection Clause*

To establish a violation of the Fourteenth Amendment's Equal Protection Clause, a plaintiff must prove that a defendant prison official had a discriminatory intent or purpose behind his or her actions. *Copeland v. Machulis*, 57 F.3d 476, 480 (6th Cir. 1995). In addition, the discrimination must be based on membership in a protected class. *Henry v. Metropolitan Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990) (*abrogated on other grounds, as recognized in King v. Harwood*, 852 F.3d 568, 580 n.4 (6th Cir. 2017)). Claiming that he was treated one way and everyone else another, by itself, is not sufficient for a plaintiff to state an equal protection claim. *Newell v. Brown*, 981 F.2d 880, 887 (6th Cir. 1992). Instead, the plaintiff must show that he was victimized due to a suspect classification. *Id.*

Horacek has not presented any evidence that Prisk treated him differently because of his membership in a protected class or that Prisk intentionally discriminated against him. Accordingly, Horacek's fourth claim fails.

*Count 5) Malice*

"[N]o common law or statutory tort of 'malice' exists." *French v. Am. Airlines*, No. 2:08-CV-638 T5, 2009 WL 1578288, at *4 n.32 (D. Utah June 2, 2009); *see also Livingston v. Kehagias*, No. 5:16-CV-906-BO, 2017 WL 4126979, at *3 (E.D.N.C. Sept. 18, 2017); *Hashempour v. Ace Am. Ins. Co.*, No. CIV.A. H-12-0181, 2012 WL 3948426, at *8 (S.D. Tex. Sept. 10, 2012).

Accordingly, Horacek's fifth claim fails for failure to state a claim.

*Count 6) Intentional Infliction of Emotional Distress*

Under Michigan law, an intentional infliction of emotional distress claim requires a plaintiff to show: "(1) the defendant's extreme and outrageous conduct, (2) the defendant's intent or recklessness, (3) causation, and (4) the severe emotional distress of the plaintiff." *Walsh v. Taylor*, 263 Mich. App. 618, 634, 689 N.W.2d 506, 517 (2004). The defendant's conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society." *Id.* (citation omitted). "The test to determine whether a person's conduct was extreme and outrageous is whether recitation of the facts of the case to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'" *Lewis v. LeGrow*, 258 Mich. App. 175, 196, 760 N.W.2d 675, 689 (2003) (internal quotation marks and citations omitted).

For the reasons discussed above, Horacek has not shown that Prisk committed any extreme and outrageous conduct, that Prisk intended to do so or was reckless, or that Horacek suffered severe and emotional distress. Accordingly, Horacek's sixth claim fails.

## **Conclusion**

In sum, Horacek failed to prove any of his claims against Prisk.

A separate judgment in favor of Prisk will enter.


Dated: June 21, 2018                                          /s/ Gordon J. Quist
                                                                                     GORDON J. QUIST
                                                           UNITED STATES DISTRICT JUDGE