UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DANIEL HORACEK,

    Plaintiff,

v.

MICHAEL MARTIN,

    Defendant.
_____/

Case No. 2:15-cv-102

HON. JANE M. BECKERING

## OPINION AND ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 by Plaintiff Daniel Horacek against Defendant Michael Martin. Defendant moved for summary judgment in November 2021 (ECF No. 166). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court grant Defendant's motion (ECF No. 190). The matter is presently before the Court on Plaintiff's seven objections to the Report and Recommendation (ECF No. 198)[1], to which Defendant filed a response (ECF No. 200). In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

---

[1] Plaintiff filed a motion for extension of time to file his objection (ECF No. 197) on the same day that Plaintiff filed his objection (*see id.* ¶ 3; ECF No. 198). Therefore, Plaintiff's motion for extension of time is dismissed as moot.

# I. BACKGROUND

Relevant to the instant objections, Plaintiff asserts a First Amendment claim against Defendant for allegedly retaliating against him for having filed a 2007 lawsuit against Defendant's predecessor in the position of Special Activities Coordinator in charge of handling prisoner requests for a kosher diet. Specifically, Plaintiff asserts that Defendant intentionally delayed processing Plaintiff's religious meal requests, causing him to be deprived of kosher meals from November 2012 to April 2013. Plaintiff also asserts a First Amendment free exercise claim and Fourteenth Amendment equal protection claim arising from the denial of kosher meals for Passover during his incarceration in 2012 and 2013. In pertinent part, the Magistrate Judge summarized Defendant's summary judgment arguments and determined as follows:

> Martin says that he never denied Horacek kosher meals. Instead, Martin processed and approved Horacek's November 2012 request for kosher meals in the same manner and at the same pace that he processed all of the religious dietary requests at the time. (ECF No. 167, PageID.636.) Martin says that he approved the request on February 13, 2013, and that he was not responsible for any delay that occurred thereafter. (*Id.*) Ultimately, Martin asserts that he is entitled to summary judgment for the following reasons: (1) Martin's actions were reasonably related to a legitimate penological interests, (2) Horacek was approved to receive, and does receive, kosher meals, … (4) Martin did not take an adverse action against Horacek, nor were any of Martin's actions motivated by Horacek's protected conduct, (5) Martin had no involvement in keeping Horacek at [Marquette Branch Prison (MBP)] through Passover, and (6) Horacek has not shown that he was treated differently from similarly situated persons. (*Id.*, PageID.639–652.) …
>
> The undersigned respectfully recommends that this Court grant Martin's motion for summary judgment because … Martin did not constructively deny Horacek's religious meal request by taking three months to process the request, nor did Martin have personal involvement with keeping Horacek at MBP following its approval. And Horacek has not created a genuine issue as to whether the time Martin took to process Horacek's request was motivated by Horacek's prior lawsuit. With respect to Horacek's Passover-related equal protection claim, Horacek has not established that Martin was personally involved in depriving Horacek of his Passover meals or that Martin acted with discriminatory intent.

(ECF No. 190 at PageID.930–931).

After fully setting forth the relevant procedural and factual background, the Magistrate Judge carefully analyzed each of Plaintiff's claims and determined that there are no genuine issues of material fact and that Defendant is entitled to judgment as to all of Plaintiff's claims (ECF No. 190 at PageID.939–954).

## II.  ANALYSIS

**Objection 1 and 3 (Summary Judgment Standard)**

In Plaintiff's first and third objections, Plaintiff objects generally to the Magistrate Judge's determination that there are no genuine issues of material fact and that Defendant is entitled to summary judgment, arguing that the Magistrate Judge overlooked Plaintiff's evidence and too "heavily lean[ed]" on Defendant's evidence (ECF No. 198 at PageID.971–972).  Plaintiff, however, does not state any specific grounds that show that the Magistrate Judge improperly applied the summary judgment standard or burden of proof.  To the extent Plaintiff's objections fail to demonstrate any legal or factual error by the Magistrate Judge, Plaintiff's objections are properly denied.

**Objection 2 (Date of Transfer)**

In Plaintiff's second objection, Plaintiff asserts that the Magistrate Judge "clearly [found] that '[t]he Parties dispute the date that [Plaintiff] was transferred'" to the MBP in 2012, and that this is a genuine issue of material fact (*id.*) (citing R&R, ECF No. 190 at PageID.935, n.2).

In response, Defendant argues that Plaintiff's "mere disagreement" with Defendant's affirmative evidence does not demonstrate that a result different from the Magistrate Judge's recommendation is warranted, especially where Plaintiff has failed to provide contrary evidence or show that "a difference of three weeks could change the analysis or outcome of this case" (ECF No. 200 at PageID.999).

As Defendant argues, the Magistrate Judge determined that Defendant's evidence showed that Plaintiff arrived at the MBP on December 3, 2012 (R&R, ECF No. 190 at PageID.935, n.2) (citing ECF No. 167-6 at PageID.697). Plaintiff offers no evidence to support his conclusory claim that he was transferred on November 12, 2012, or that any difference in the date of Plaintiff's initial transfer in 2012 to MBP raises a genuine issue of material fact as to Plaintiff's claims (ECF No. 200 at PageID.999). Plaintiff's objection is properly denied.

**Objection 4 (Plaintiff's Affidavit)**

Plaintiff next objects to the Magistrate Judge's determinations that the unsworn affidavit submitted by Plaintiff failed to comply with 28 U.S.C. § 1746(2), that Plaintiff failed to establish that the assertions made within the affidavit were made on personal knowledge under Federal Rule of Civil Procedure 56(c)(4), and that Plaintiff's assertions are inadmissible hearsay (ECF No. 198 at PageID.973–977) (citing R&R, ECF No. 190 at PageID.944, n.4). Plaintiff submits an amended affidavit under 28 U.S.C. § 1746(2) (ECF No. 198-1 at PageID.984) and asserts that: (a) the Magistrate Judge overlooked Plaintiff's affidavit attached to his Verified Complaint; (b) Plaintiff's statements are not hearsay as they are based on his first-hand knowledge and observation, or otherwise fall under the present sense impression exception to hearsay under Federal Rule of Evidence 803; and (c) Plaintiff's assertions are based on personal knowledge (ECF No. 198 at PageID.973–977).

In response, Defendant contends that Plaintiff's unsworn statement does not comply with and is unreliable under 28 U.S.C. § 1746 because it is "a statement made upon information and belief rather than personal knowledge" (ECF No. 200 at PageID.1000). As to whether Plaintiff's statements are hearsay, Defendant responds that Plaintiff "may swear to what other prisoners told

4

him, but what other prisoners told him is still hearsay when [Plaintiff] is the one testifying to what was said" (*id.* at PageID.1001).

Plaintiff's objections fail to demonstrate legal error in the Magistrate Judge's assessment of his affidavit.  Even assuming Plaintiff's affidavit complies with 28 U.S.C. § 1746 and was made on his own personal knowledge, the statements therein are inadmissible hearsay—that is, Plaintiff's statement about what he was told by "over 50 inmates" regarding how long it took for their religious diet requests to be approved, constitute out-of-court statements (by other inmates) offered for the truth of the matter asserted.  The statements similarly do not qualify under the present sense exception to hearsay.  *See*, *e.g.*, *Miller v. Stovall*, 742 F.3d 642, 650 (6th Cir. 2014) ("Statements are more likely to be accurate the closer they are in time to the events they describe … that is the spirit behind the traditional 'present sense impression' … exception[] to the hearsay rule" which "permits the introduction into evidence of a 'statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter.'") (quoting FED. R. EVID. 803(1); citation omitted).  Therefore, Plaintiff's objections are properly denied.

**Objection 5 (Delay in Approval of Religious Diet Request)**

Plaintiff also objects to the Magistrate Judge's determination that he did not provide evidence to dispute Defendant's claim that Defendant was not involved in the delay in approval of Plaintiff's religious diet request (ECF No. 198 at PageID.977).  Plaintiff asserts the Magistrate Judge overlooked a declaration provided by Michigan Department of Corrections (MDOC) Regional Food Service Director Styes that "directly contradicts" Defendant's memorandum from MDOC Regional Food Service Manager Barry (*id.* at PageID.977–978; *see* ECF No. 187-3 at PageID.917).

5

In response, Defendant argues that Plaintiff "mischaracterizes" the Report and Recommendation of the Magistrate Judge as well as the memorandum from "MDOC Food Service Director Styes" (ECF No. 200 at PageID.1001–1002). Defendant argues that the 2021 memorandum from Styes shows that Styes works at the Newberry Correctional Facility (*id.* at PageID.1002; *see* ECF No. 187-3 at PageID.917). As such, Defendant contends the memorandum of Styes does not create "a genuine issue of material fact regarding the moratorium on prisoner transfers for kosher diet reasons in 2012" nor that Defendant "had anything to do with the moratorium" (ECF No. 200 at PageID.1002).

Here, the Styes memorandum states only that the facilities are "supplied with the necessary number of meals" to serve prisoners who are approved to receive Passover meals, and that each facility "receives extra meals to feed prisoners that may ride in during Passover" and keeps "an additional supply at a central location" (ECF No. 187-3 at PageID.917). Contrary to Plaintiff's representations, the 2021 memorandum does not address the moratorium on prison transfers in 2012 (*id.*). For this reason and as more fully stated by Defendant in response (ECF No. 200 at PageID.1001–1002), Plaintiff's objection and the Styes memorandum fail to demonstrate any factual or legal error in the Magistrate Judge's determination.

**Objection 6 (Retaliation Claim)**

Next, Plaintiff objects to the Magistrate Judge's resolution of his retaliation claim. Specifically, Plaintiff objects to the Magistrate Judge's determination that Plaintiff failed to set forth evidence of a causal connection between the protected activity—Plaintiff's initial lawsuit in 2007—and Defendant's alleged adverse action that is the subject of the instant suit (*see* ECF No. 198 at PageID.978). Plaintiff asserts that his Verified Complaint "sets forth a timeline that presents 'evidence of a causal connection'" and "facts of prior conflict" between Plaintiff and Defendant

which clearly show a causal connection (*id.*).  Plaintiff also objects to the Magistrate Judge's determination that the delay in processing Plaintiff's religious meal request was "routine" and cites to his Verified Complaint and affidavit as evidence that the three-month delay in Plaintiff's case far exceeded the "normal approval" timeframe of 10–23 days (*id.*) (*see* ECF No. 198-1 at PageID.984, ¶ 2).

In response, Defendant points to the Magistrate Judge's determination that Plaintiff failed to provide any evidence showing that Defendant told either Plaintiff or anyone else that he was delaying Plaintiff's religious diet request due to Plaintiff's previous lawsuit (ECF No. 200 at PageID.1003) (citing R&R, ECF No. 190 at PageID.949).  The Magistrate Judge indicated instead that Defendant's statement during the November 11, 2012 call indicates the opposite (ECF No. 190 at PageID.949).  Defendant also highlights the Magistrate Judge's finding that there was no temporal proximity between the 2007 lawsuit and Defendant's religious diet request, given that the events were separated by five years (ECF No. 200 at PageID.1003) (citing R&R, ECF No. 190 at PageID.949).

This Court's review of the record shows that Plaintiff's argument that "his allegations as a whole insulate him from summary judgment" (ECF No. 200 at PageID.1003) fails to show any factual dispute as to the causal connection or temporal proximity necessary to survive summary judgment on his First Amendment retaliation claim.  As stated above and set forth by Defendant, Plaintiff cannot rely on his Verified Complaint or the hearsay statement contained in his affidavit regarding the temporal proximity.  Further, this Court's review of the record shows that the Magistrate Judge fully considered Plaintiff's evidence of a causal connection and of prior conflict between Plaintiff and Defendant (ECF No. 190 at PageID.948–949).  Specifically, the Magistrate Judge determined that Plaintiff's lawsuit against Defendant's predecessor five years before

7

Plaintiff submitted a religious meal request, and another prison official's speculation that Plaintiff "pissed someone off in Central Office" is not evidence that Defendant was motivated by Plaintiff's prior lawsuit (*id.* at PageID.949). Plaintiff's objections fail to demonstrate any factual or legal error in the Magistrate Judge's determination, and his objections are properly denied.

### Objection 7 (Equal Protection Claim)

Last, Plaintiff objects to the Magistrate Judge's determination that Plaintiff failed to set forth an equal protection claim because the Magistrate Judge overlooked Plaintiff's Verified Complaint and response to Defendant's motion for summary judgment (ECF No. 198 at PageID.979). Plaintiff also cites a 2021 United States Department of Justice (USDOJ) investigation and consent decree that the MDOC's denial of Passover meals to Jewish prisoners violated the First Amendment, Fourteenth Amendment, and RLUIPA (*id.* at PageID.979–980) (citing ECF No. 198-2 at PageID.987–995). As Defendant argues, however, the Magistrate Judge determined that "Defendant was not involved in Plaintiff's inability to receive Passover meals in 2012" (R&R, ECF No. 190 at PageID.951). For the reasons stated by Defendant, the USDOJ consent decree does not indicate to the contrary; rather, it indicates there was an "issue regarding prisoners being denied Passover meals because they were *not approved* for the MDOC's religious diet" (ECF No. 200 at PageID.1004) (emphasis added)—an issue not present in Plaintiff's case.

In sum, this Court's review of the record shows that the Magistrate Judge carefully and thoroughly analyzed Plaintiff's claims, and Plaintiff's objections do not support a result other than the recommendation made by the Magistrate Judge. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. Because this Opinion and Order resolves all pending claims, a Judgment will be entered. *See* FED. R. CIV. P. 58. This Court declines to certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not

be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007).

### III.  CONCLUSION

Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 198) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 190) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time (ECF No. 197) is DISMISSED as moot.

**IT IS FURTHER ORDERED** that Defendant Martin's Motion for Summary Judgment (ECF No. 166) is GRANTED.

Dated:  January 20, 2023                         /s/ Jane M. Beckering
                                                JANE M. BECKERING
                                                United States District Judge